UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BNSF RAILWAY COMPANY,**

   Plaintiff,

v.                                        No. 4:22-cv-0052-P

**INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS – TRANSPORTATION DIVISION ET AL.,**

   Defendants.

## ORDER

   The Court's role is *not* to decide whether Plaintiff BNSF Railway Company's ("BNSF") new High Visibility ("Hi Viz") attendance standard is bad policy. Rather, the Court's role is to determine whether the current labor dispute is either a "major" or "minor" dispute under the Railway Labor Act ("RLA").

   BNSF argues that the dispute is minor. Defendants International Association of Sheet Metal, Air, Rail and Transportation Workers – Transportation Division ("SMART-TD") and Brotherhood of Locomotive Engineers and Trainmen ("BLET") (collectively, the "Unions") argue that it is major.

   And based on their respective positions, the Parties are adamant about what happens next. BNSF insists that because the RLA has no status quo requirement for minor disputes, BNSF can, and *will*, implement the Hi Viz attendance standard on February 1, 2022. The Unions, however, insist that because the RLA grants them the right to engage in self-help during a major dispute, the Unions can, and *will*, exercise their right to strike on the day the policy is implemented.

   Due to the Unions' continued representation that a strike is imminent, BNSF filed a Motion for a Temporary Restraining Order

("Motion"). ECF No. 6. And at the hearing on the Motion, the Parties further cemented their respective positions.

At this stage in the proceedings, the Court is *not* deciding whether this dispute is either major or minor as a matter of law. Instead, the Court is merely deciding whether "there is a substantial likelihood that the movant will prevail on the merits." *Daniels Health Sci., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Based on the Parties' past practice, BNSF has established a substantial likelihood of success on the merits that implementing the Hi Viz attendance standard is "arguably justified by the terms of the parties collective bargaining agreement" such that the dispute is minor. *Consol. Rail Corp. v. Ry. Lab. Execs.' Ass'n*, 491 U.S. 299, 307 (1989). Further, "[w]hen an illegal strike occurs over a minor dispute, the employees or the union have violated not only § 152 First but also § 153 First (i)." *Burlington N. & Santa Fe Ry. Co. v. Bhd. of Maint. of Way Emps.*, 143 F. Supp. 2d 672, 677–78 (N.D. Tex. 2001) (McBryde, J.) (quoting *Burlington N. R.R. Co. v. Bhd. of Maint. of Way Emps.*, 961 F.2d 86, 89 (5th Cir. 1992)). The Court therefore concludes that BNSF has established a substantial likelihood that any resort to self-help by the Unions would violate the RLA.

And without a temporary restraining order barring an "illegal strike over a minor dispute," BNSF would suffer substantial, immediate, and irreparable harm. The Unions, however, will not suffer any harm as a result of a temporary restraining order that this Court, or an arbitrator, cannot remedy. The balance of harms therefore weighs in favor of injunctive relief. The record further establishes that a strike would exacerbate our current supply-chain crisis—harming the public at large, not just BNSF. A temporary restraining order will thus serve, rather than disserve, the public interest. Accordingly, the Court concludes that granting a temporary restraining order is appropriate.[1]

---

[1]In this Court's experience, prologued fights in federal court between unions and management only delay the inevitable negotiations between the parties. Frequently, such fights benefit no one, and the American consumer is left to bear the cost. As

2

The Court therefore **GRANTS** BNSF Railway Company's Motion for Temporary Restraining Order (ECF No. 6).

Accordingly, the Court **ORDERS** that, for the duration of this Temporary Restraining Order, SMART-TD and BLET—as well as their divisions, lodges, locals, officers, agents, employees, members, and all persons acting in concert or participation with any of them—are **TEMPORARILY RESTRAINED** and **ENJOINED** from authorizing, encouraging, permitting, calling, or otherwise engaging in any strikes, work stoppages, picketing, slowdowns, sickouts, or other self-help against BNSF or its operating rail subsidiaries over any dispute relating to the Hi Viz attendance standards.

The Court furthers **ORDERS** that SMART-TD and BLET, and their national and local officers, shall immediately undertake all reasonable efforts to prevent and discourage their respective divisions, lodges, locals, officers, agents, employees, members, and all person acting in concert with any of them, from engaging in conduct enjoined by this Order, including but not limited to the following specific efforts:

(a) Immediately instruct in writing all SMART-TD and BLET members employed by Plaintiff to refrain from self-help against the Plaintiff railroad, and provide Plaintiff with a copy of all such instructions;

(b) Notify all SMART-TD and BLET members employed by Plaintiff by the most expeditious means possible of the issuance, contents, and meaning of this Order, and provide Plaintiff with a copy of all such notices;

---

President Harry Truman observed, "I am sure [management] would like to break the unions and the unions would like to break them so they will probably fight a while and then settle so both will lose and in the long run only the man in the street will pay the bill." Letter from Harry S. Truman to Martha Ellen Truman and Mary Jane Truman (Jan. 23, 1946), *in* OFF THE RECORD, THE PRIVATE PAPERS OF HARRY S. TRUMAN 83 (Robert H. Ferrell ed., 1980). Throughout the remainder of these proceedings, the Parties are encouraged to remember the admonition of President John F. Kennedy: "Let us never negotiate out of fear but let us never fear to negotiate." John F. Kennedy, *in* GREAT QUOTES FROM GREAT LEADERS 87 (Peggy Anderson comp., 1990); *see also* Lyndon Baines Johnson, *in* JOHN BARTLETT, FAMILIAR QUOTATIONS 872 (15th ed., 1980) ("Come now, let us reason together.") (quoting *Isaiah* 1:18 (ESV)).

(c) Include in such notice a directive from SMART-TD and BLET to those members who are or may in the future engage in any conduct enjoined by this Order to immediately cease and desist all such activity and to immediately cease and desist all exhortations or communications encouraging same upon pain of fine, suspension, or other sanction by SMART-TD and BLET; and

(d) Include copies of this Order in all SMART-TD and BLET publications, post it on all SMART-TD and BLET bulletin boards at Plaintiff's facilities, and transmit the contents of the ordering paragraphs on any recorded telephone hotlines, web sites, or other methods of electronic communication used by SMART-TD and BLET to communicate with their represented employees.

This Temporary Restraining Order is issued on the condition that a bond in the sum of $150,000 be filed by BNSF Railway Company **on or before January 31, 2022**. Further, this Temporary Restraining Order will expire **on February 8, 2022**, unless otherwise ordered by the Court. The Court will issue a separate scheduling order.

**SO ORDERED** on this **25th day** of **January, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE