UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BNSF RAILWAY COMPANY,**

Plaintiff,

v.

**No. 4:22-cv-0052-P**

**INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS – TRANSPORTATION DIVISION ET AL.,**

Defendants.

## ORDER

This case is about the implementation of BNSF Railway Company's ("BNSF") new High Visibility ("Hi Viz") attendance standard. Because of Defendants' continued representation that they would strike over the new attendance standard, the Court issued a Temporary Restraining Order ("TRO"). *See* ECF No. 30. Pursuant to Federal Rule of Civil Procedure 65, the Court ordered that the TRO would expire after 14 days—February 8, 2022. *Id.*

Now before the Court is BNSF's Motion to Extend Temporary Restraining Order ("Motion"), filed February 3, 2022. ECF No. 47. Federal Rule of Civil Procedure 65 allows the Court to extend a TRO once for a period of 14 days if the Court finds that "good cause" justifies such an extension. FED. R. CIV. P. 65(b). For "purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient" to establish "good cause." 11A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2953 (2013).

Here, because the original grounds for granting the TRO persist, the Court concludes that "good cause" exists for the extension. *See, e.g.*, *RA Glob. Servs., Inc. v. Apps*, No. 3:07-CV-1562-L, 2007 WL 9717686, at *1

(N.D. Tex. Sept. 20, 2007) ("The court finds that good cause exists for the extension, as the circumstances have not changed to justify a refusal to extend the TROs.").

To that end, BNSF established a substantial likelihood of success on the merits that its actions are "arguably justified by the terms of the parties collective bargaining agreement" such that the dispute is "minor." *Consol. Rail Corp. v. Ry. Lab. Execs.' Ass'n*, 491 U.S. 299, 307 (1989). Accordingly, an illegal strike over a minor dispute would cause substantial, immediate, and irreparable harm, such that the balance of the harms weighs in favor of injunctive relief. And extending the TRO would not disserve the public interest.

Further, each Party also filed a Motion for a Preliminary Injunction. *See* ECF Nos. 39, 44–45. In the interest of resolving this dispute in an expeditious manner, the Court ordered expedited briefing. *See* ECF Nos. 31, 37. Therefore, extending the TRO would also provide sufficient time for the Court to rule on the Motions for a Preliminary Injunction without the uncertainty that an expired TRO would produce.

Accordingly, the Court concludes that "good cause" exists for the extension. The Court therefore **GRANTS** BNSF's Motion to Extend Temporary Restraining Order (ECF No. 47).

The Court further **ORDERS** that the Temporary Restraining Order issued by the Court on January 25, 2022 (ECF No. 30) is **EXTENDED** for the first time for a period of 14 days. As such, the Temporary Restraining Order will expire on February 22, 2022. *See* FED. R. CIV. P. 65(b)(2). The Court further concludes that the current bond is sufficient and will not be increased.

**SO ORDERED** on this **8th day** of **February, 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE